**Hecker Fink LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.HECKERFINK.COM

DIRECT DIAL      212.763.0883
DIRECT EMAIL    dpatton@heckerfink.com

February 27, 2025

**BY ECF**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

                Re:     *United States v. Roman Storm*, 23 Cr. 430 (KPF)

Dear Judge Failla:

      On behalf of our client Roman Storm, we write to oppose the government's February 25, 2025 letter seeking additional disclosures related to Mr. Storm's anticipated advice-of-counsel defense at trial. (*See* ECF 128.)

      On February 18, 2025, the defense complied with this Court's December 23, 2024 scheduling order requiring the defense to provide "advice of counsel notice," *see* ECF 114 at 3, and notified the government that Mr. Storm may assert at trial a defense based in part on advice he received from counsel, *see* ECF 128-3. In other words, Mr. Storm "complied with a court order that required him to indicate whether he intended to rely on an advice-of-counsel defense on pain that if he did not the defense would be deemed waived." *United States v. Ray*, No. 20 Cr. 110 (LJL), 2021 WL 5493839, at *6 (S.D.N.Y. Nov. 22, 2021).

      The government disagreed, and the parties have met and conferred twice. In an effort to avoid needless motion practice, the defense offered to supplement its notice by disclosing "(1) the names of the lawyers from whom Mr. Storm received the legal advice at issue; (2) the subject matter of that advice; and (3) the timeframe in which Mr. Storm received the advice." *See* ECF 128-4 at 3. The defense further offered to "direct the government to certain non-privileged documents and/or communications that the government has produced in discovery that reference the discussions with counsel at issue and sufficiently preview the defense." *Id.*

      The government has rejected the defense compromise offer, claiming that it is entitled to further information about the defense now, well before it has advised Mr. Storm of the scope and extent of their own case-in-chief. As explained below, that is not the law. Accordingly, the government's attempt to force Mr. Storm to reveal additional critical defense strategy—45 days before trial—should be denied.

## I. Background

On September 18, 2024, the government moved to compel the defense to reveal, among other things, broad pretrial disclosures related to any advice-of-counsel defense Mr. Storm might assert at trial. (*See* ECF 79.) One week later, the defense opposed that relief, but expressed willingness to agree to a "holistic schedule" of pretrial deadlines, including a date to "provide[] *notice of intention* to assert an advice of counsel defense." (ECF 82 at 2-3 (emphasis added).) However, the defense objected to any further disclosures and stated that if "the Court is inclined to grant the government's request to set a deadline for the defendant to provide notice of an advice-of-counsel defense, the Court should make it conditional on the government agreeing to produce 3500 material at the same time." (*Id.* at 9.) Otherwise, the defense "would be unduly prejudiced by potentially being required to disclose a major portion of its defense strategy in advance of trial while the government hides the proverbial ball." (*Id.*)

At the October 10, 2024 hearing on these issues, the Court facilitated a negotiation between the parties whereby the defense agreed to notice any advice of counsel defense by October 28, 2024, "with the idea that the government will be producing 3500 [material] sufficiently in advance of trial"—which the government agreed to do in light of the defense's representations. (Oct. 10, 2024 Tr., ECF 88 at 17-18.) Despite this compromise on *notice*, the parameters of the government's broad advice-of-counsel disclosure demand was not addressed, much less endorsed, by the Court. Indeed, the Court's only instructions on the advice-of-counsel notice were as follows:

> I have here really thoughtful stuff about the advice of counsel defense, but I'll stop because the parties have made agreements on it. I'll just say this, please, and I'm sure that this is just me being unnecessarily worried. When I'm using the term "advice of counsel defense," what I'm really speaking about are two things. And one of them is the formal advice of counsel defense that's noted in cases like *Bilzerian* and that requires certain disclosures by the defense and certain findings by the court before such a defense can be raised. But I'm also talking about cases in which someone is arguing that the presence of lawyers or their participation in meetings might impact a defendant's intent. So when I'm asking for advice of counsel disclosures on or before October 28, what I'm really talking about is any reference to counsel being present, being in the room, and any arguments that you make from that. I just say that because while I'm familiar, very familiar with the advice of counsel defense, I've had instances in which litigants have wanted to just do this variant of advice of counsel. And I've read a recent decision from Judge Kaplan in the *Bankman-Fried* litigation. And there contained at 2023 WL 6392718 and 2024 WL 477043. And I take his point about the, perhaps the near co-extensiveness of both formal and informal advice of counsel. But I'm really telling you this because I don't want to be surprised at trial. So if we're going to talk about lawyers, please tell me before trial.

Hecker Fink LLP

3

(*See id.* at 26:2-27:2.) After an adjournment of trial, the Court's scheduling orders remained silent as to the scope of any advice-of-counsel disclosure but required the "defense provide[] advice of counsel *notice*" on February 18. (*See* ECF 114 at 5 (emphasis added); ECF 126.) On that day, Mr. Storm therefore notified the government that he "may assert an advice of counsel defense and/or a good faith defense based in part on communications with and information he received from attorneys," but that, "[a]s is permitted by the case law," he would "not make a decision about whether to assert such defenses until after the government rests its case in chief." (ECF 128-3.)

At the government's request, the parties met and conferred on February 21, at which time the government claimed that the February 18 notice was deficient, citing the Court's statements at the October 10 hearing. The defense disagreed that the Court's remarks implicitly ordered the disclosure it now seeks. (*See* ECF 128-4 at 1.) Nonetheless, the defense agreed to re-review the transcript and reconvene.

On February 24, the defense wrote to explain its understanding of the Court's October 10 statements. The defense pointed out that the Court "only clarified that notice of any advice-of-counsel defense would be required" not only as to the "the formal version of that defense, but also to any 'cases in which someone is arguing that the presence of lawyers or their participation in meetings might impact a defendant's intent.'" In other words, the Court suggested that some notice would be necessary even if the defense intended to elicit 'any reference to counsel being present, being in the room, and any arguments that you make from that.'" (*Id.* at 2 (quoting Oct. 10, 2024 Tr., ECF 88 at 26:12-18).)

Nevertheless, the defense offered to supplement its notice by disclosing "(1) the names of the lawyers from whom Mr. Storm received the legal advice at issue; (2) the subject matter of that advice; and (3) the timeframe in which Mr. Storm received the advice." *See id.* at 3. The defense further offered to "direct the government to certain non-privileged documents and/or communications that the government has produced in discovery that reference the discussions with counsel at issue and sufficiently preview the defense." *Id.*

In a further meet-and-confer the following day, the government rejected this compromise and insisted that Mr. Storm—more than six weeks before trial—immediately turn over to the government, among other things, *any* privileged communications that relate to these potential defenses.[1]

On that call, the government also noted that its taint team had just identified approximately 200 more privileged documents that had not been produced. On February 26, 2025, the government produced these documents. The defense has not had an opportunity yet to review these documents

---

[1] During this meet-and-confer, the government acknowledged that it already possesses non-privileged material relevant to any advice-of-counsel defense, including legal memoranda drafted in connection with an investment in Peppersec by a venture capital fund.

Hecker Fink LLP

4

to determine how they might influence Mr. Storm's decision to present an advice of counsel defense.

## II.   Discussion

Mr. Storm's advice of counsel notice complies with Second Circuit law, so the Court should reject the government's request for significantly more expansive and intrusive disclosures.

The Second Circuit has held that that "the advice-of-counsel defense is not an affirmative defense." *United States v. Scully*, 877 F.3d 464, 476 (2d Cir. 2017). Rather, the "thrust [of the defense] is that the defendant, on the basis of counsel's advice, believed his conduct to be lawful and thus could not be found to have had unlawful intent." *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1194 (2d Cir. 1989); *see also Scully*, 877 F.3d at 478 n.6 ("Reliance on the advice of counsel . . . is a defense that tends to refute the government's proof of such intent."). Courts have found that "reliance on the advice of counsel need not be a formal defense; it is simply evidence of good faith, a relevant consideration in evaluating a defendant's scienter." *Howard v. S.E.C.*, 376 F.3d 1136, 1147 (D.C. Cir. 2004).

No federal rule or statute authorizes courts to require pretrial notice of an advice of counsel defense. *See, e.g.*, *Ray*, 2021 WL 5493839, at *4 ("The Federal Rules of Criminal Procedure do not explicitly require the defense to provide notice of an advice-of-counsel defense."); *United States v. Atias*, No. 14 Cr. 403 (DRH), 2017 WL 563978, at *4 (E.D.N.Y. Feb. 10, 2017) ("[T]he Federal Rules . . . provide for the pretrial notice [of] three specifically named, and presumably exhaustive, defenses: alibi (Rule 12.1), insanity (Rule 12.2), and public authority (Rule 12.3). Which is to say, the government has not established that is has a 'right' to pretrial notice as to the [advice of counsel] defense."). While some courts have nevertheless ordered notice of the defense pursuant to their "inherent authority," "there is no consensus among federal courts regarding the existence and extent of any authority for a court to require pretrial *disclosure* by the defense of information regarding its advice-of-counsel defense." *Ray*, 2021 WL 5493839, at *4-5 (collecting cases) (emphasis added).

Given this lack of enumerated authority, courts across the country have held that a defendant cannot be compelled to disclose the substance of his advice-of-counsel defense pretrial unless explicitly required by the rules. *See, e.g.*, *United States v. Parks*, 2022 WL 2916080, at *2 (N.D. Okla. July 25, 2022) ("There is no statute, rule, or Tenth Circuit authority requiring that a defendant provide any written notice of an advice of counsel defense or description of consultations with counsel."); *United States v. Wilkerson*, 388 F. Supp. 3d 969, 974-75 (E.D. Tenn. 2019) (in rejecting advance advice-of-counsel disclosure, finding that courts "should not *ad hoc* invent new ways to coerce criminal defendants to assist the government in their prosecution— absent compelling reason to do so. And it is certainly not a sufficient justification that doing so would be more convenient for the [g]overnment and the [c]ourt."); *accord United States v. Meredith*, 2014 WL 897373, at *1 (W.D. Ky. Mar. 5, 2014); *United States v. Lacour*, 2008 WL

Hecker Fink LLP

5

5191596, at *1 n.1 (M.D. Fla. Dec. 10, 2008); *United States v. Afremov*, 2007 WL 2475972, at *4-5 (D. Minn. Aug. 27, 2007); *United States v. Espy*, 1996 WL 560354, at *1 (E.D. La. Oct. 2, 1996).

These rulings are grounded not only in the Federal Rules of Criminal Procedure but also in constitutional concerns, as ordering further disclosure pretrial would undermine the constitutional protections afforded to a criminal defendant like Mr. Storm by coercing him into revealing his trial strategy before the government is put to its burden of proof. *See Wilkerson*, 388 F. Supp. 3d at 975 (denying government request for disclosure because "it would be untenable—and, most likely, unconstitutional—to require [d]efendants to turn over potential evidence (most of which is currently privileged) to the [g]overnment or risk forfeiting a defense. The source of that concept, whatever it might be, is fundamentally foreign to the adversarial system of criminal justice contemplated by the United States Constitution."). Indeed, the extent to which Mr. Storm decides to raise an advice-of-counsel defense—and any materials he may offer in support—turns on the government's case-in-chief.[2] *Id.* ("The [d]efendants here, for example, could wait and decide what defenses to raise once they see what evidence the [g]overnment presents at trial.").

As the Court noted at the October 10 hearing, "Judge Liman . . . did a lot of work on the advice of counsel defense in the *Ray* case," which is particularly instructive here. (*See* Oct. 10, 2024 Tr., ECF 88 at 22:7-11.) There, the government too "complain[ed] that [the defendant's] notice" of his advice-of-counsel defense was deficient, and requested further information, "including [the defendant's] bases, scope, and to which specific counts he believes it applies; and (ii) any discovery materials in support of this defense, to the extent that they are not already in the government's possession." *Ray*, 2021 WL 5493839, at *1, 4. The court almost entirely rejected this pretrial relief, finding that "to require [the defendant] to now, months before trial, choose between (1) waiving the privilege and disclosing all of his communications with counsel and (2) being barred from later relying on an advice-of-counsel defense to negate the government's proof, would impermissibly burden the attorney-client privilege. *Id.*, at *6. Instead, Judge Liman directed the defense to "produce *privileged* documents before the earlier of either (1) the defense's unequivocal assertion of the advice-of-counsel defense, including before the jury through opening statements or any cross-examination during the government's case, or (2) the close of the government's case-

---

[2] Contrary to the government's suggestion, *see* ECF 128 at 3, assuming the defense is not required to waive privilege by providing privileged documents prior to trial, the defense would not reference legal advice Mr. Storm received from counsel during its opening statement or on cross-examination during the government's case-in-chief. In such circumstances, there is only "a de minimis risk . . . that the defense will elicit evidence of attorney advice that ultimately would not go to the jury," and any practical need for advance disclosure is even weaker. *Ray*, 2021 WL 5493839, at *7 (rejecting pretrial disclosure of privileged documents where there is no "risk that the defense would ask questions of any of the witnesses [the government] intends to call regarding advice of counsel," and finding that "even if there were such a question and there were a risk of prejudice, the [c]ourt could address that in its jury charge").

Hecker Fink LLP

6

in-chief."[3] *Id.*, at *6. This approach comports with the procedure and timing adopted by other courts in this Circuit. *See, e.g., Atias*, 2017 WL 563978, at *3-4 (requiring defense to proffer information that the defendant received legal advice regarding a charged offense 24 hours before calling such witness at trial, such that the court could "rule on any objection broached by the government").

Even where courts in this District have erroneously ordered more invasive pretrial disclosure,[4] Mr. Storm is aware of none that have directed such discovery before the government's exhibit and witness lists were due. *See United States v. Bankman-Fried*, No. 22 Cr. 673 (LAK) (S.D.N.Y.), ECF 173, 248 (endorsing disclosure deadline for of ten days after the government's exhibit and witness lists were due, and sixteen days before trial); *United States v. Ash*, No. 19 Cr. 780 (LAK) (S.D.N.Y.), ECF 90, 105 (ordering disclosure three days after the government's proposed witness and exhibit lists were due, and eleven days before trial); *United States v. Scali*, No. 7:16 Cr. 466, 2018 WL 461441 at *8 & ECF 120, 123 (S.D.N.Y. January 18, 2018) (ordering disclosure more than a month after the government's and defendant's proposed exhibit lists were due, and two weeks before trial); *United States v. Rubin/Chambers, Dunhill Ins. Serv's*, No. 09 Cr. 1058 (VM), 828 F. Supp. 2d 698, 711 & ECF 164, 267 (S.D.N.Y. 2011) (ordering disclosure in advance of final pretrial conference, which occurred more than a month after the government's final witness and exhibit lists were due).

Finally, it bears emphasizing that the government's demand that the defense reveal more of its strategy, six weeks before trial, is particularly unreasonable in light of the government's own failure to timely produce *Brady* material and other discovery in this case. (*See* ECF 130.) Most recently, during the February 25 meet-and-confer, the government revealed that it inadvertently held back from production over 200 privileged documents, and only discovered this omission after the defense had requested that the government identify any discovery produced by its taint team. The knowledge gap in not having access to fulsome discovery, let alone the government's case-

---

[3] In an effort to distinguish *Ray*, the government—without any citation to the record—exaggerates the fact that Judge Liman held a mid-trial hearing to suggest pretrial disclosure is necessary here. *See* ECF 128 at 3. On the face of the relevant transcript, the hearing in *Ray* took less than half a trial day, with the government resting its case-in-chief around lunchtime and the court then hearing the proposed advice-of-counsel testimony and argument thereafter, which left ample time to start the charge conference by 3:45 p.m. *See Ray*, 20 Cr. 110 (LJL) (S.D.N.Y. Apr. 1, 2022), ECF 536 at 2498, 2581. Indeed, Judge Liman issued an order resolving the parties' advice-of-counsel issues that very evening. *See id.*, ECF 494. There is no reason the issues here cannot be resolved during trial at the same rate, if not more efficiently.

[4] Judge Kaplan's orders in *Bankman-Fried* are now a primary focus of the fully briefed appeal in the Second Circuit. *See United States v. Bankman-Fried*, No. 24-961 (2d Cir. Apr. 12, 2024). Indeed, the defendant in his opening brief has argued, among other things, that the district court lacked authority to repeatedly order pretrial disclosures of any advice-of-counsel defense. (*See id.*, Dkt. 28.1 at 43-44; Dkt. 54.1 at 16-17.)

in-chief, further demonstrates why Mr. Storm is not presently in a position to decide whether or not to unequivocally assert an advice-of-counsel defense. (*See* ECF 128-4 at 2 ("[A]s we discussed in our notice and on our call, we cannot make the decision whether to raise the defense until the government presents its case.").) Given this record, it would be especially inappropriate to require Mr. Storm—who is presumed innocent and bears no burden of proof—to provide to the government, six weeks before trial, a full accounting of any and all potential evidence the defense *may* rely upon *if* it asserts an advice-of-counsel defense at trial.

For the reasons stated above, the government is not entitled to further information at this time, and the Court should deny its motion.

Respectfully submitted,

David Patton
Nicholas Pavlis
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
(212) 763-0883

-and-

Brian Klein
Keri Curtis Axel
Kevin Casey
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
(424) 652-7800

*Attorneys for Roman Storm*

The Court has reviewed the Government's letter motion to compel a more detailed notice of the defense's advice-of-counsel defense, including (i) the nature and specifics of the defense, (ii) the identification of the attorney(s) who provided such advice and a proffer of facts in support of such a defense, and (iii) all documents Mr. Storm intends to rely on in support of such a defense, as well as any other documents relating to such a defense, along with an attendant privilege waiver (Dkt. #128), and the defense's letter in opposition (Dkt. #135).  The Court DENIES the Government's application in part as follows.

On October 10, 2024, the Court ordered the defense to provide notice of any advice-of-counsel defense on or before October 28, 2024 (Dkt. #88 at 17:8-19:14; *see also* Dkt. #95, 114), which deadline the Court ultimately adjourned to on or before February 18, 2025 (Dkt. #126).  The defense provided this notice (in the form of a two-sentence letter) on February 18, 2025.  (Dkt. #128-3).  The Government  believes that this notice was "insufficiently detailed." (Dkt. #128 at 2).  Indeed, the Court is surprised by the content of this disclosure.  The Court understood that both sides had reached an agreement regarding the advice-of-counsel defense notice.  (*See* Dkt. #88 at 16:19-18:14).  However, neither the Court nor the Government is any better informed about Mr. Storm's advice-of-counsel defense today than it was back in October 2024.  Had the Court known this would have been the extent of the defense's disclosure, it would have decided the advice-of-counsel issue then and there.  Nevertheless, the Court finds that the Government is not entitled to Mr. Storm's privileged documents concerning his advice-of-counsel defense at this time.

The Court finds persuasive Judge Liman's decision in *United States* v. *Ray*, in which he concluded that "to require [the defendant] to now, months before trial, choose between [i] waiving the privilege and disclosing all of his communications with counsel and [ii] being barred from later relying on an advice-of-counsel defense to negate the [G]overnment's proof, would impermissibly burden the attorney-client privilege."  No. 20 Cr. 110 (LJL), 2021 WL 5493839, at *6 (S.D.N.Y. Nov. 22, 2021).  By contrast, the Court is not persuaded by the Government's contention that the reasoning in *Ray* was a function of the case's sensitive subject matter (*i.e.*, that it involved charges of extortion and sex trafficking).  (Dkt. #128 at 3).  Rather, it was a function of the importance of the attorney-client privilege absent a Federal Rule of Criminal Procedure expressly requiring advance disclosure of an advice-of-counsel defense.  *See Ray*, 2021 WL 5493839, at *4-6; *cf.* Fed. R. Crim. P. 12.1, 12.2, 12.3.  In *Ray*, Judge Liman did "not require the defense to produce *privileged* documents before the earlier of either [i] the defense's unequivocal assertion of the advice-of-counsel defense, including before the jury through opening statements or any cross-examination during the [G]overnment's case, or [ii] the close of the [G]overnment's case-in-chief."  2021 WL 5493839, at *6.

Here, the Court will require the defense to produce privileged documents twenty-four hours in advance of unequivocally asserting an advice-of-counsel defense through opening statements. Otherwise, the Court will not require the defense to produce such privileged documents until the earlier of (i) its unequivocal assertion of an advice-of-counsel defense through cross-examination during the Government's case or (ii) the close of the Government's case-in-chief. Taking a page from the defense's book, the Court uses "advice-of-counsel defense" in this context to encompass "an advice of counsel defense and/or a good faith defense based in part on communications with and information received from attorneys." (Dkt. #128-3).

In addition, the Court hereby ORDERS the defense promptly to disclose (without waiving privilege) (i) the names of the lawyers from whom Mr. Storm received the legal advice at issue; (ii) the subject matter of that advice; and (iii) the timeframe in which Mr. Storm received the advice; and to direct the Government to certain non-privileged documents and/or communications that the Government produced in discovery that reference the discussions with counsel at issue and sufficiently preview the defense. This should pose no problem for the defense, which has already offered to disclose this. (See Dkt. #135 at 1; 128-4 at 3). Judge Liman required similar disclosures in Ray. See 2021 WL 5493839, at *5 ("The government is entitled to production by the defense of the non-privileged documents that relate to the asserted advice-of-counsel defense[.]").

Lastly, the Court expresses its strong preference not to hold a hearing on an advice-of-counsel defense in the middle of trial. The parties would do well to keep this strong preference in mind.

The Clerk of Court is directed to terminate the pending motion at docket entry 128.

Dated:   March 3, 2025                         SO ORDERED.
         New York, New York

                                               *signature*

                                               HON. KATHERINE POLK FAILLA
                                               UNITED STATES DISTRICT JUDGE