# Exhibit 1

| | |
|---|---|
| **From:** | Keri Axel |
| **To:** | Rehn, Nathan (USANYS); Arad, Ben (USANYS); Brian Klein; Becky James; Emily Stierwalt; Kevin Casey; Viviana Andazola Marquez; David Patton; Nick Pavlis |
| **Cc:** | Gianforti, Benjamin (USANYS); Mosley, Kevin (CRM) |
| **Subject:** | RE: Supplemental Defense Expert Disclosures (Sheridan) |
| **Date:** | Tuesday, July 1, 2025 9:43:31 PM |
| **Attachments:** | image001.png |
| | image002.png |

Counsel:

Following up on my email below, while we intend to provide you with Mr. Sheridan's amended disclosure as soon as possible, he is currently traveling internationally with limited availability, so we wanted to notify you of the substance of his anticipated amendments.

First, Mr. Sheridan will amend his disclosure to address the issue with SA DeCapua's Python scripts, as set forth in my prior email below.

Second, Mr. Sheridan will clarify that he is unable to replicate SA DeCapua's results in calculating the total amount of allegedly illicit funds that were deposited into Tornado Cash based on the data provided for each of the alleged criminal incidents. SA DeCapua's data includes sub-folders with transactional data for each of the 31 alleged incidents, but there is no spreadsheet or other data directly connecting that transactional data to the total amount of $1.19 billion calculated by SA DeCapua. The government's supplemental spreadsheet ("Deposits_to_Tornado_Cash_20250308.xlsx") provided on March 10, 2025, does not tie directly to the transactional data in the 31 sub-folders, and it appears to include some, but not all, of the transactions in those sub-folders. Given SA DeCapua does not explain how he chose which transactions to include, Mr. Sheridan is unable to replicate SA DeCapua's calculations and results.

We will provide an amended disclosure with these clarifications as soon as possible.

Thank you, Keri

**From:** Keri Axel
**Sent:** Wednesday, June 25, 2025 9:27 PM
**To:** Rehn, Nathan (USANYS) <Nathan.Rehn@usdoj.gov>; Arad, Ben (USANYS) <Ben.Arad@usdoj.gov>; Brian Klein <bklein@waymakerlaw.com>; Becky James <bjames@waymakerlaw.com>; Emily Stierwalt <estierwalt@waymakerlaw.com>; Kevin Casey <kcasey@waymakerlaw.com>; Viviana Andazola Marquez <vandazolamarquez@waymakerlaw.com>; David Patton <dpatton@heckerfink.com>; Nick Pavlis <npavlis@heckerfink.com>
**Cc:** Gianforti, Benjamin (USANYS) <Benjamin.Gianforti@usdoj.gov>; Mosley, Kevin (CRM) <Kevin.Mosley@usdoj.gov>
**Subject:** RE: Supplemental Defense Expert Disclosures (Sheridan)

Counsel: We write here to address your questions regarding Jeremy Sheridan.

Again, as we noted for Dr. Hurder, as a threshold matter, we maintain our objection that Rule 16(b)(1)(C)(i) does not require the defense to provide expert witness disclosures absent a triggering request from the defense that the government provide such disclosures. That being said, the defense acknowledges, and indeed has complied, with the Court's order requiring the defense to make such disclosures.  We also believe that we were not required under Rule 16 to supplement Mr. Sheridan's initial timely disclosure but have done so out of an abundance of caution at your request and to address your questions and concerns.

We reserve our right to further supplement and/or revise the disclosures as deemed necessary under Rule 16(b)(1)(C)(vi) .

Regarding your questions on Mr. Sheridan's disclosure:

First, regarding the reference to the "Python script" provided by SA DeCapua, as explained on pg. 11 of Mr. Sheridan's disclosure, the errors involved the inclusion of what appear to be failed transactions and the addition of "IN/OUT" designations for the transactions pulled from Etherscan.io.  More specifically, we understand that SA DeCapua used the "**etherscanpull.py**" script to pull transactional data for four smart contract addresses from Etherscan.io, the output of which consisted of the following .csv files:

| File | Date |
|---|---|
| 0x12d66f87a04a9e220743712ce6d9bb1b5616b8fc_internal | 10/23/2024 1:16 PM |
| 0x12d66f87a04a9e220743712ce6d9bb1b5616b8fc_normal | 10/23/2024 1:16 PM |
| 0x47ce0c6ed5b0ce3d3a51fdb1c52dc66a7c3c2936_internal | 10/23/2024 1:21 PM |
| 0x47ce0c6ed5b0ce3d3a51fdb1c52dc66a7c3c2936_normal | 10/23/2024 1:22 PM |
| 0x910cbd523d972eb0a6f4cae4618ad62622b39dbf_internal | 10/23/2024 1:26 PM |
| 0x910cbd523d972eb0a6f4cae4618ad62622b39dbf_normal | 10/23/2024 1:26 PM |
| 0xa160cdab225685da1d56aa342ad8841c3b53f291_internal | 10/23/2024 1:33 PM |
| 0xa160cdab225685da1d56aa342ad8841c3b53f291_normal | 10/23/2024 1:32 PM |

Each of these files includes a column called "Direction" with "IN" or "OUT" indicated for each transaction.  When Mr. Sheridan ran the same "etherscanpull.py" script, the resulting .csv files did *not* generate this column, and there does not appear to be any other script that would add that data among the materials disclosed by SA DeCapua.  It appears SA DeCapua manually added this data.  As a result, when Mr. Sheridan then ran the "**combine_csvs.py**" script against the eight .csv files identified above (as we understand SA DeCapua did to create the "data_from_etherscan" spreadsheet included among his materials), Mr. Sheridan received an error code that reads: "An unexpected error occurred: "['direction'] not in index."

Further, the eight .csv files above include a column entitled, "Error," which we understand indicates

whether the transaction failed.  It is not clear whether and to what extent SA DeCapua excluded such failed transactions from his calculations of the total amount of illicit funds that were deposited into Tornado Cash and, if he did, how he did so, given the error when running the script.  In sum, Mr. Sheridan was not able to recreate SA DeCapua's calculations using the data and scripts provided.

<u>Second</u>, regarding the miscalculations identified in 28 of the 31 incidents analyzed by SA DeCapua, Mr. Sheridan used data from Chainalysis Reactor, which the government has relied on for its attribution of the Ronin hack to the Lazarus Group, and compared that data against SA DeCapua's calculations of the amounts associated with each hack.  Aside from the incidents involving Origin Protocol, Compounder Finance, and TryRoll.com, SA DeCapua's calculations were inconsistent with the amounts Mr. Sheridan calculated using data from Chainalysis Reactor.  Given the government's representation that it does not intend to rely on Chainalysis attributions, we intend to amend Mr. Sheridan's disclosure accordingly.

Best, Keri

**Keri Curtis Axel**
Partner



Waymaker LLP
Office main/reception  +1 424.652.7800
Direct/mobile/text +1 213.314.5284
kaxel@waymakerlaw.com   |   waymakerlaw.com   |   vCard   |   Profile

**********************************************************************
This message was sent from a law firm and is intended only for the designated recipient(s). It may contain confidential information and may be subject to the attorney-client privilege or other protections. If you receive this in error, please notify the sender by reply e-mail and delete this message.  Thank you.
**********************************************************************

---

**From:** Rehn, Nathan (USANYS) <Nathan.Rehn@usdoj.gov>
**Sent:** Friday, June 20, 2025 2:05 PM
**To:** Arad, Ben (USANYS) <Ben.Arad@usdoj.gov>; Brian Klein <bklein@waymakerlaw.com>; Keri Axel <kaxel@waymakerlaw.com>; Becky James <bjames@waymakerlaw.com>; Emily Stierwalt <EStierwalt@waymakerlaw.com>; Kevin Casey <kcasey@waymakerlaw.com>; Viviana Andazola Marquez <vandazolamarquez@waymakerlaw.com>; David Patton <dpatton@heckerfink.com>; Nick Pavlis <npavlis@heckerfink.com>
**Cc:** Gianforti, Benjamin (USANYS) <Benjamin.Gianforti@usdoj.gov>; Mosley, Kevin (CRM) <Kevin.Mosley@usdoj.gov>
**Subject:** RE: Supplemental Defense Expert Disclosures

Counsel,

In addition to the questions below, we have some questions about the untimely Jeremy Sheridan disclosure.

First, there is a reference to a "Python script" provided in connection with Special Agent DeCapua's analysis, which, according to the disclosure, "failed to replicate due to the presence of errors when executing the script." Could you let us know which script is referred to here, and what purported "errors" were "present"?

Separately, the Sheridan disclosure states that "in 28 of the 31 reviewed incidents, miscalculations were identified." Could you please identify which incidents are referenced here, the nature of the "miscalculations," and what sources Mr. Sheridan relied on as well as what his alternative calculations were?

Please provide this information as soon as possible.

Thank you,

**Thane Rehn**
Assistant United States Attorney
United States Attorney's Office
Southern District of New York

26 Federal Plaza, 37th Floor
New York, New York 10278
T: 212.637.2354
nathan.rehn@usdoj.gov