

Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
T 424.652.7800

July 27, 2025

Brian E. Klein
Direct (424) 652-7814
bklein@waymakerlaw.com

*Via ECF*

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:    United States v. Storm, 23 Cr. 430 (KPF)**

Dear Judge Failla:

On behalf of our client, defendant Roman Storm, we write to respectfully request that this Court reconsider its ruling requiring the defense to recall IRS-CI Special Agent Stephan George as a remedy for the government's failure to disclose 10 massive spreadsheets of data relating to his Binance tracing until the day after his testimony if it wants to cross-examine him about that data. This request is based on the government's disclosure on the afternoon of Saturday, July 26, 2025, of a large volume of additional data underlying not just Agent George's Binance-related testimony, but also his tracing of Hanfeng Lin's cryptocurrency, which was the other subject of his testimony, as well as draft slides. None of this data was previously disclosed to the defense in violation of Federal Rule of Evidence 705 and the government's discovery obligations.

Requiring the defense to recall Agent George to cross-examine him about what is now the entirety of his testimony is an inadequate remedy, especially in light of the newly disclosed Lin tracing data, and would be very prejudicial to the defense. The jury will not understand why the defense is calling him without an instruction from this Court, and this remedy requires the defense to call a government witness during its case-in-chief who it had not otherwise planned to call and who was the subject of extensive defense cross-examination on the same two subject matters. This Court should strike Agent George's testimony and give a curative jury instruction.

- **Background**

Agent George testified on Wednesday, July 23, 2025, and Thursday, July 24, 2025 about his Binance and Lin tracing.[1]

---

[1] On cross-examination, the defense asked him for his work underlying his Binance tracing. (7/24/2025 Tr. 1379:14.) Agent George stated that he had his "notes," which was a spreadsheet he claimed to have produced to the prosecution. (7/24/2025 Tr. 1379:14-1380:20.)

Following his testimony, the defense raised with this Court the fact that Agent George had failed to produce data relating to the Lin tracing pursuant to Rule 705 and asked for Agent George's testimony to be stricken and a curative instruction given.[2] (7/24/2025 Tr. 1446:24-1447:11.) This Court denied the motion but stated: "I'm really hoping there wasn't a failure to disclose. And I'll hear again if there is. That's the one that you can renew." (7/24/2025 Tr. 1448:1-5.)

On Thursday, July 24, at 8:26 pm, after Agent George was off the stand and the government had rested, the government sent the defense an Excel workbook relating to Agent George's testimony regarding *Binance* that was "not previously provided to the prosecution team." The workbook includes 10 different spreadsheet with collectively hundreds of rows. Using the "Print Entire Workbook" function in Excel, the spreadsheet consists of 513 pages. It contained over 75,000 cells of data and over 4,500 formulas embedded in it that change the data.

The defense raised this issue with this Court the next morning. (7/25/2025 AM Tr. 1669:21-2675:14.) The defense asserted a Rule 705 violation and requested that this Court strike the portion of Agent George's testimony relating to Binance and also requested that the government double-check his data for the Lin tracing. (7/25/2025 Tr. 1670:4-8.) That same day, during a 4:30 pm telephonic conference, this Court ruled that, in light of the late disclosure of the spreadsheet, the defense would be allowed to recall Agent George during its case.[3] This Court also instructed the government to make sure there were no other materials and, if there were additional materials, to produce them to the defense within 24 hours.

On Saturday, July 26, at 3:46 pm, the government produced 3500 material for Agent George, as well as supplemental data from him concerning Binance and Lin, as well as his draft slides:

3546-010



---

[2] On July 20, 2025, the defense received the first disclosure relating to the Agent George's purported tracing of Ms. Lin's funds to Tornado Cash. The government has claimed that it assigned this work after the pre-trial conference on July 8, 2025. (7/21/2025 Tr. 772:21-773:10; 7/23/2025 Tr. 1129:4-7.) But Agent George testified that he started looking at this issue in mid-June. (7/23/2025 Tr. 1309:1-1310:7.) Obviously, these statements do not add up.

[3] The transcript for the afternoon session on July 25, 2025 is not yet available.

Hon. Katherine Polk Failla<br>
July 27, 2025<br>
Page 3 of 5

<u>Supplemental data and materials</u>

- Binance: Eight files were produced concerning Binance. The files include five Excel spreadsheets and two .csv files.
- Lin Tracing: Seven files were produced concerning Lin's tracing. Two of those files include Excel spreadsheets.
- Draft Slides: Numerous draft slides concerning different aspects of Agent George's analysis, including "Binance Conversion- Source of Funds," as well as slides relating to Lin.

- **This Court Should Strike Agent George Testimony and Give a Curative Instruction**

Rule 705 provides that an "an expert may state an opinion — and give the reasons for it — without first testifying to the underlying facts or data. But the expert may be required to disclose those facts or data on cross-examination." Moreover, Rule16 requires the government to disclose "the bases and reasons for" an expert's opinions.

Here, the government failed to produce all relevant discovery until after Agent George was off the stand and it had rested its case. And the government failed to produce materials relating to *both* Binance and Lin until Saturday, July 26, 2025, and only after this Court ordered the government to undertake such a review for additional materials. This was a clear violation of its discovery and Rule 705 obligations, and the violation was highly prejudicial to Mr. Storm because the defense was unable to cross-examine Agent George with these materials.

The remedy this Court proposed on Friday, July 25, 2025, based on what it understood to be a failure to disclose only Binance data, which allows the defense to recall Agent George, is insufficient in light of the government's substantial weekend disclosure. The defense will be put in the position of having to recall Agent George after already beginning its defense case. The jury will certainly be confused and think either that the defense is presenting Agent George's testimony as its own, or that the defense is at fault for inadequately cross-examining Agent George when he was previously on the stand. Given that the defense already expended significant time cross-examining Agent George, the jury will likely be irritated with the defense for continuing its cross-examination at this late date.

Moreover, requiring the defense to recall Agent George impermissibly shifts the burden to the defense, when the defense has no obligation to recall a government witness. *Cf. United States v. Parker*, 903 F.2d 91, 98 (2d Cir. 1990) (defendant has no "burden of proof or any obligation to adduce any evidence whatever"). The defense should not be put in the position of having to put on evidence to remedy government violations. Nor should it be made to appear to the jury that the defense has such a burden.

Given these problems, the defense asks that this Court instead strike the testimony of Agent George. Such a remedy is clearly an appropriate remedy for the government's discovery violations. *See, e.g., United States v. Banki,* No. 10 CR. 08 (JFK), 2010 WL 11606485, at *2 (S.D.N.Y. Mar. 18, 2010) ("Where the [g]overnment fails to make the required disclosures, Rule

16(d) allows the court to fashion a remedy as it sees fit, including a continuance or prohibiting the [g]overnment from introducing the undisclosed evidence.").

Further, the defense asks that this Court give a curative instruction explaining the reason for the striking of Agent George's testimony. The jury should understand that the government failed to make required disclosures and should be permitted to draw an adverse inference from its nondisclosure. Specifically, the defense requests that the Court instruct the jury:

> The testimony of IRS-CI Special Agent Stephan George has been stricken by this Court. Therefore, you are not to consider his testimony for any purpose regarding Binance (including alleged TORN sales) and Ms. Lin, the first witness the government called to testify. You are also instructed that the reason for the striking of Agent George's testimony was that Agent George and the government failed to timely disclose to the defense relevant data underlying his testimony. You are permitted, but are not required, to draw an inference from this failure to make a timely disclosure that the data would have been favorable to the defense.

Without such an instruction, the jury may be misled into believing that the government voluntarily withdrew his testimony, when that is not the case. The jury may also feel that the defense wasted significant amounts of time cross-examining Agent George when his testimony ultimately became irrelevant.

/ / /

/ / /

/ / /

Hon. Katherine Polk Failla<br>
July 27, 2025<br>
Page 5 of 5

\* \* \*

For the foregoing reasons, Mr. Storm respectfully requests that this Court strike Agent George's testimony and give a curative instruction to the jury.

Respectfully submitted,

Brian E. Klein
Keri Curtis Axel
Becky S. James
Kevin M. Casey
Viviana Andazola Marquez
Waymaker LLP

-and-

David E. Patton
Christopher Morel
Hecker Fink LLP

*Attorneys for Roman Storm*