P7V5stoF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

       v.                          23 Cr. 430 (KPF)

ROMAN STORM,

           Defendant.              Jury Trial
------------------------------x

                             New York, N.Y.
                             July 31, 2025
                             9:45 a.m.


Before:

               HON. KATHERINE POLK FAILLA,

                         U.S. District Judge


                   APPEARANCES

JAY CLAYTON
    United States Attorney for the
    Southern District of New York
BY:  NATHAN M. REHN, ESQ.
    BEN ARAD, ESQ.
    BENJAMIN A. GIANFORTI, ESQ.
    KEVIN G. MOSLEY, ESQ.
    TARA M. LA MORTE, ESQ.
    Assistant United States Attorneys

WAYMAKER LLP
    Attorneys for Defendant
BY:  BRIAN E. KLEIN, ESQ.
    KERI CURTIS AXEL, ESQ.
    KEVIN M. CASEY, ESQ.
    VIVIANA ANDAZOLA MARQUEZ, ESQ.

    -and-

HECKER FINK LLP
    Attorneys for Defendant
BY:  DAVID E. PATTON, ESQ.
    CHRISTOPHER MOREL, ESQ.

P7V5stoF                          Deliberations

(Trial resumed; jury not present)

THE COURT:  Good morning.  Thank you very much.
Please, be seated.

As you know, we received a note from the jurors dated
today and timed 9:26 a.m.  It has been marked as Court Exhibit
7 and it reads:  Did the govt -- government -- had to submit
proof of the charges in order to get the indictment?  (for
venue).

My view, and I of course want your thoughts, is that
this is not something they should be asking about during
deliberations and that it doesn't matter.  So, I sent, through
my deputy to you, a proposed draft that says, and I will make
it nice by saying:  Members of the jury:  Good morning.  You
are not to consider what the government did or did not submit
in order to obtain the indictment.  You are to decide the
issues in this case based solely on the evidence admitted at
this trial and on my instructions on the law, including the
issue of venue.

Now, if you want, I can move up the appositive,
including the issue of venue, to follow the word "issues," but
it seems to me I don't want to talk to them about what you
submitted to the grand jury because I don't think they get to
know and, candidly, it is very likely a different set of
evidence, or maybe it was a subset evidence that was present at
this trial.

P7V5stoF                        Deliberations

So, may I hear from someone on the government's team?

MR. REHN:  I think we agree with that, your Honor, generally speaking.  We were wondering if it would be appropriate to have a sentence at the beginning of that instruction you proposed just to sort of address the question. Something along the lines of:  To bring the indictment, the government did present evidence to a grand jury, but then tell them not --

THE COURT:  I've not talked to them about the grand jury.  If I may, let's all be transparent here.  My concern is I don't want them to think that because the government presented evidence of venue to a grand jury that voted to indict that that, in any way, impacts their decision in this case, so I didn't think it was appropriate to discuss.  I just don't think they should know what you did.

MR. REHN:  And we certainly agree with that.

THE COURT:  OK.

MR. REHN:  The issue is the note may reflect some confusion that was introduced during the defense summation where there was discussion of venue in the context of sort of these charges never should have been brought.  I don't have the exact language but just to sort of -- and the jury seems to be asking -- so it is something to just tell them there was a process but that's not for you to consider now.

THE COURT:  But I have never talked to them about the

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

P7V5stoF                        Deliberations

process.  My memory is that when I instructed them on the indictment in the preliminary instructions, I said it was an accusation, it was a set of charges, it is what the government intends to prove.  I'm not sure I have used the words "grand jury" in this whole time.

MR. REHN:  Right.  But it is in the indictment, your Honor.  It does say the grand jury charges.

THE COURT:  OK.  Fine.

Well, then they know something was submitted to the grand jury.  I don't think they get to know -- to your point, sir, they know that something was submitted to the grand jury and the grand jury returned an indictment but they don't know what it was and it wasn't co-extensive with what was submitted at this trial so I don't think they get to know but I understand what you are saying.  I don't want to include that sentence.  I will hear from the defense if they think I should.

Mr. Patton?

MR. PATTON:  No, your Honor.  We don't think they should be told about the grand jury.

THE COURT:  Tell me why not.

MR. PATTON:  Well, I think it would be extremely prejudicial to --

THE COURT:  Stop with the adverbs, sir.  Remember, I'm not a jury.

MR. PATTON:  -- to inform them that some other body

P7V5stoF                      Deliberations

made some deliberative decision about the facts in this case.

We would just ask that the Court preface what you have written with something to the effect of, as I instructed you at page 23, the indictment is a charge or accusation, it is not evidence.  And then follow with your Honor's suggestion.

THE COURT:  Does the government oppose that?

MR. REHN:  We had heard from defense counsel that that was going to come at the end, just to refer them back to the instructions, which I think makes more sense.  So, to read what you have just written and then say, as I instructed you on page 43.

THE COURT:  OK.  I think it makes more sense at beginning but you are not philosophically opposed to the sentence?

MR. REHN:  It is already in the instruction so of course there is no problem with referring the jury to it.

THE COURT:  OK, so I'm going to include that sentence and what I will do is I will go back and rewrite, have my deputy show it to you, and assuming there are no additional objections we will send it right back to them so that they're not waiting.

Anything else to address at this time?

MR. REHN:  No, your Honor.

THE COURT:  Thank you.  And good morning to you, if I haven't said it.

P7V5stoF                        Deliberations

Thank you.

(Recess pending verdict)

P7V5stoF                        Deliberations

A F T E R N O O N   S E S S I O N

2:50 p.m.

THE COURT:  We have received two notes from our jurors, they've been marked as Court Exhibit 11 and 12.  Let me please read them to you.

Jury note no. 1 says:  Can we obtain the trial transcripts of the following witnesses?  Mr. DeCapua; Mr. Werlau, for 7/22-7/23; Ms. Hurder; Mr. Green.

And that is from Mr. Lopez, our foreperson, timed 2:32 p.m.

Three minutes later, according to Mr. Lopez, he sent the next note which reads, as follows:  Hi, Judge.  We will be leaving @ 3:30 p.m. today and will return on Monday at 9:30 a.m.  Have a great weekend.

My suggestion is the following:  Having once had to do this in sort of a paralegal capacity, it is going to take us a while to get all of this transcript together.  I am also looking outside at the end of days weather that we are having today, so with the parties' permission, may I go to the jury room, discharge them, and explain to them that we will see them at 9:30 and we will, in the interim, endeavor to get together their transcripts so they will be there on Monday.

Is that acceptable?

MR. REHN:  Yes, your Honor and that is what the parties have already discussed.  That is the most sensible way

P7V5stoF                        Deliberations

to proceed.

THE COURT:  Then can I understand that your teams of paralegals will be in communication and will send to us, at the end of your day today, these transcripts?

MR. REHN:  If the Court would like them today.  We were envisioning possibly tomorrow, to give the parties a chance to review.

THE COURT:  Oh, OK, that's right, because tomorrow is Friday.

MR. REHN:  Yes.

THE COURT:  Sure.  That's fine.

MR. REHN:  There is probably a fair amount of redactions of objections and side bars and things.

THE COURT:  OK.  Will you just be redacting the side bar stuff?

MR. REHN:  Right, right.  Just to make sure it is right --

THE COURT:  Of course.

MR. REHN:  -- I think we would prefer to get it to you tomorrow, if possible.

THE COURT:  That is fine by me.  And perhaps you guys can catch up on some sleep in the interim.

Is there anything else anyone wants to bring to my attention right now?

Ms. Axel?

P7V5stoF                        Deliberations

MS. AXEL:  I believe we didn't put the last note on the record.

THE COURT:  Yes.  Thank you so much.

MS. AXEL:  Yes.

THE COURT:  That was Court Exhibit 9, 10:54 a.m.:  Is there a table of contents or a way to see everything that happened on specific date at the trial?

Then there is a line and underneath:  Are we able to get transcripts of specific witnesses?

And in response, as the parties know, I did send a note back to them enclosing the first page and then the back pages of each day's transcript, the first page that just has the date and the caption and the back pages that have the witness testimony and the exhibits admitted during that day.

Thank you, Ms. Axel.

Anything else we should be doing?

MR. REHN:  Nothing from the government, your Honor.

MR. PATTON:  No, your Honor.

THE COURT:  I will let them go with our deep thanks. I will see you guys at 9:30 on Monday, unless there is another reason that brings us together.

Thank you, everyone.

(Adjourned to August 4, 2025, at  9:30 a.m.)