UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

ROMAN STORM,

Defendant.

23 Cr. 430 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

The Court has reviewed the Government's letter requesting that the Court issue an Order clarifying that it excluded time between April 24, 2026, and October 26, 2026, under 18 U.S.C. § 3161(h)(7) (Dkt. #301) and Defendant Roman Storm's opposing request that the Court dismiss Counts One and Three with prejudice pursuant to 18 U.S.C. § 3162(a)(2) "because more than 70 nonexcludable days have now elapsed on Mr. Storm's Speedy Trial Act clock" (Dkt. #302). For the reasons explained below, the Government's request is granted, and Mr. Storm's request is denied.

A bit of context is in order: Following a multiweek trial, on August 6, 2025, the jury returned a partial verdict, convicting Mr. Storm on Count Two of the Superseding Indictment but failing to reach unanimity on Counts One and Three. (Dkt. #224). The Court declared a mistrial on those counts. Thereafter, the parties promptly proposed a schedule for post-trial motions and agreed to exclude time under the Speedy Trial Act. (Dkt. #226). The Court adopted the parties' proposed schedule and excluded time through December 18, 2025, the date for which it set a conference on the motions. (Dkt. #227). The conference

date was then adjourned twice, and on each occasion the Court excluded time until the rescheduled conference date. (Dkt. #238, 278).

The conference took place on April 9, 2026, and the Court heard oral argument on Mr. Storm's motion for acquittal under Federal Rule of Criminal Procedure 29. (April 9, 2026 Minute Entry). At the conference, the Court also discussed with the parties a letter the Government had filed on March 9, 2026, asking the Court to set a date for a retrial. (*See* Dkt. #281). The Court instructed the parties to provide their availability for retrial. The parties did so on April 21, 2026, and Mr. Storm requested a retrial preparation window of at least 90 days from the date of the Court's eventual resolution of his motion. (Dkt. #287). On April 24, 2026, the Court scheduled retrial to begin on October 26, 2026, contingent upon the disposition of Mr. Storm's motion. (Dkt. #288). And on June 16, 2026, the Court adopted the parties' proposed schedule for pretrial motions. (Dkt. #296).

On August 3, 2026, Mr. Storm requested an adjournment of the retrial date because his post-trial motion remained pending. (Dkt. #298). The Court eventually granted that request on August 25, 2026, adjourning retrial to April 26, 2027, and, pursuant to discussions with the parties, "excluding time under the Speedy Trial Act through April 26, 2027," because it would "give the parties and the Court additional time to consider Mr. Storm's post-trial motions and to prepare for retrial." (Dkt. #299). Two days later, on August 27, 2026, the Government submitted its letter requesting that the Court clarify that time was excluded between April 24, 2026 (the day that the Court entered

an Order setting the retrial date), and October 26, 2026 (the retrial date). (Dkt. #301). Mr. Storm opposed and moved to dismiss the remaining counts of the indictment, arguing his Speedy Trial clock had expired. (Dkt. #302).

Turning to the applicable law, it is clear that the Court may retrospectively clarify that it excluded time under the Speedy Trial Act so long as, "before granting the continuance," it "implicitly made an ends-of-justice finding, [even] 'if only in [her] mind.'" *United States* v. *Hoskins*, 44 F.4th 140, 152, 154 (2d Cir. 2022) (second alteration in original) (quoting *Zedner* v. *United States*, 547 U.S. 489, 506 (2006)). The deadline to "mak[e] this finding explicit" is "'by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2),'" *id.* at 154 (quoting *Zedner*, 547 U.S. at 507), or, in other words, at this very moment. While the Court recognizes that retroactively making explicit exclusions of time that were previously only implicit is "disfavored" — and indeed, the Court shares this "prefer[ence]" for "contemporaneous findings on the record" — this practice is nonetheless permissible. *Id.*

Applying this standard, the Court denies Mr. Storm's motion to dismiss because it is plain from the record that the Court made an implicit ends-of-justice finding on April 24, 2026, excluding time from that date until the start of the retrial on October 26, 2026. Previously, the Court had explicitly excluded time through the April 9, 2026 conference on Mr. Storm's post-trial motion. (Dkt. #278). Following the conference, the Speedy Trial Act then automatically imposed a subsequent 30-day exclusion of time for a "delay reasonably attributable to any period … during which any proceeding

concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H). Before that period could expire, the Court granted the Government's request to schedule a retrial date, and, mindful of Mr. Storm's concomitant request to provide him at least 90 days after resolution of his post-trial motion to prepare for retrial, the Court scheduled retrial to begin on a date well in excess of the Speedy Trial Act's 70-day clock. (Dkt. #288). Implicit in the Court's Order — as well as the Court's adoption, two months later, of the parties' jointly proposed pretrial briefing schedule — was the Court's finding that the ends of justice were served by excluding time until the original retrial date of October 26, 2026.

Moreover, the Court's Order adjourning the retrial to April 26, 2027, also supports this inference. There, the Court explained that it was excluding time to give the parties and the Court additional time to consider Mr. Storm's post-trial motion and to prepare for retrial. (Dkt. #299). The reasons that applied to the Rescheduling Order applied to the original Scheduling Order too. The Court therefore clarifies that it excluded time between April 24, 2026, and October 26, 2026, under 18 U.S.C. § 3161(h)(7).[1]

---

[1] Even if the Court had not implicitly made contemporaneous ends-of-justice findings and excluded time from April 24, 2026, to October 26, 2026, and instead were granting Mr. Storm's motion to dismiss, it would only dismiss Counts One and Three without prejudice. Weighing the relevant factors — "[i] the seriousness of the offense, [ii] the facts and circumstances leading to the dismissal of the charge, [iii] prejudice to the defendant, and [iv] the effect of re-prosecution on the administration of the Speedy Trial Act and of justice," *United States* v. *Teman*, No. 19 Cr. 696 (PAE), 2019 WL 7041646, at *7 (S.D.N.Y. Dec. 20, 2019) — does not suggest otherwise, despite Mr. Storm's arguments. *See also United States* v. *Hernandez,* No. 19 Cr. 97 (VM), 2020 WL 4547900 (S.D.N.Y. Aug. 5, 2020) (likewise weighing these factors and dismissing the indictment without prejudice); *United States* v. *Mora*, No. 04 Cr. 530 (LAP), 2005 WL 1354042 (S.D.N.Y. June 7, 2005) (same).

Accordingly, the Court GRANTS the Government's request to clarify and DENIES Mr. Storm's motion to dismiss. The Clerk of Court is directed to terminate the pending motions at docket entries 301 and 302.

SO ORDERED.

Dated: September 10, 2026
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge